FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 1 5 2004

CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOUGLAS MCINTIRE,

    Petitioner,

v.    Civ. No. 04-0944 BB/RLP

JAMES JANECKA, et al.,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1.     This is a proceeding brought pursuant to 28 U.S.C. § 2254. Petitioner seeks relief from the Judgment and Sentence entered in *State v. McIntire*, Cr. 2000-28, Twelfth Judicial District Court (County of Otero), New Mexico on November 27, 2000. Respondents have filed a Motion to Dismiss, asserting that Petitioner's federal habeas petition is untimely under § 2244(d)(1).

2.     The record indicates that Petitioner appealed his conviction to the New Mexico Court of Appeals, which affirmed his conviction on March 28, 2001. Answer [Doc. 15], Exhibit G. Petitioner did not file a petition for writ of certiorari with the New Mexico Supreme Court, and the Mandate was entered on June 20, 2001. Exhibit H. Petitioner took no action until February 24, 2003, when he filed an out-of-time Motion for

---

[1] Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

Reconsideration in the state district court. Exhibit I. That Motion stated that in the three years since his incarceration, Petitioner realized the pain he had caused to his victims and requested a reduction in his sentence. *Id.* The state district court summarily denied the motion on May 20, 2003. Exhibit J.

3. The one-year limitation period in § 2244 runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The time for "direct review" in this case expired 20 days after the New Mexico Court of Appeals entered its opinion on March 28, 2001. See NMRA 12-502(B).[2]

4. The federal statute of limitation had expired before Petitioner filed his Motion for Reconsideration. His conviction became "final" in 2001, his state court motion was not filed until 2003, well past the time allowed by § 2244(d)(1)(A).

## RECOMMENDED DISPOSITION

I recommend that Respondents' Motion to Dismiss [Doc. 13] be granted and this case dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge

---

[2] The New Mexico Court of Appeals issued its Mandate on June 20, 2001. Exhibit H. It is unclear whether the one-year limitation period runs from the date of the appellate court's decision or the date of the Mandate. In either event, however, the petition is out of time.

2